### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **RANDY WILSON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-CV-658-SMY** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Randy Wilson has filed an Amended Motion to Vacate, Set Aside, or Correct

his Sentence under 28 U.S.C. § 2255 based upon the Supreme Court's decisions in *Alleyne v.*

*United States*, 570 U.S. 99 (2013) and *Johnson v. United States*, 135 S.Ct. 2251 (2015)  (Doc. 7).

The Court appointed the Federal Public Defender's Office to represent the petitioner (Doc. 9),

and Assistant Federal Public Defender Todd M. Schultz entered his appearance as counsel of

record.[1]   At Petitioner's request, the Court stayed these proceedings during the pendency of

several appeals that would bear on the question of whether *Johnson* applied to the residual clause

of United States Sentencing Commission Guideline ("Guideline") 4B1.2(a)(2).

Now pending before the Court is Schultz's Motion to Lift the Stay and Withdraw (Doc.

14).  Schultz states that Petitioner has no meritorious basis for obtaining relief under *Alleyne* or

---

[1] Petitioner subsequently filed a *pro se* "addendum" to his motion referencing the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016).  The Court rejects this on several grounds.  First, it is essentially a second amendment to his Petition filed without leave of Court.  Second, his addendum is a piecemeal amendment, which is not permitted— Petitioner was warned in the order granting his motion for leave to amend the first time, any amended motion must include all claims that he wishes the Court to consider.  Third, Wilson was represented at the time he filed his addendum pro se.  Finally, *Mathis* is inapplicable to the situation here—it dealt with how state law violations are treated under the 'elements' portion of the Armed Career Criminal Act, 18 U.S.C. §924(e)(2)(B)(ii), whereas this case involves the residual clause of the Career Offender Sentencing Guideline, U.S.S.G. §4B1.2(a)(2).

*Johnson.* The Government has responded and agrees that the Motion should be granted (Doc. 17). Wilson filed a Reply in which he withdraws his claim for relief under *Alleyne*, but continues to press his claim under *Johnson*. (Doc. 18). For the following reasons, the Motion to Withdraw is **GRANTED** and Petitioner's Amended Motion under 28 U.S.C. § 2255 (Doc. 7) is **DISMISSED with prejudice**.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Randy Wilson was charged by a federal grand jury in a superseding indictment with one Count of Conspiracy to Interfere with Commerce by Threat or Violence (18 U.S.C. § 1951(a)), one count of Interfere with Commerce by Threat or Violence (Id.) and one Count of Possession of a Firearm in Furtherance of a Crime of Violence (18 U.S.C. § 924(c)(1)). (*see* Case No. 09-CR-30084, Doc. 35). Wilson entered a guilty plea pursuant to a plea agreement on August 6, 2010. (*Id.* at Doc. 121).

On November 1, 2010, the United States Probation Office filed a revised Presentence Investigation Report ("PSR") which revealed that Wilson had two prior felony convictions in Illinois. (*Id.* at Doc. 168). Specifically, in 2006, Wilson pled guilty to two Counts of Aggravated Fleeing or Attempting to Elude a Police Officer, and in 2007, he pled guilty to Aggravated Discharge of a Firearm. (*Id.* at ¶¶ 54, 55). The PSR also found that Wilson was at least 18 years old at the time of the instant offense of conviction; that the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and that Wilson had at least two prior felony convictions of either a crime of violence or a controlled substance offense. (*Id.* at ¶ 46) Wilson was therefore found to be a Career Offender pursuant to U.S.S.G. §§ 4B1.1 and his Total Offense Level was enhanced from 22 to 29 for the two Counts related to interference with commerce. (*Id.*).

The Possession of a Firearm Count carried a separate ten-year mandatory minimum sentence to be imposed consecutive to any other term. (*Id.* at ¶ 49). Based on a Total Offense Level of 29 and a Criminal History Category of VI, the Guidelines imprisonment range was calculated as 151 to 188 months on the first two Counts. The required consecutive sentence raised the effective Guidelines range to 271 to 308 months. Wilson was sentenced to a term of 168 months' imprisonment and 5 years of supervised release on October 17, 2011.

On June 9, 2014, Wilson filed the pending Petition under 28 U.S.C. § 2255, challenging his sentence based on the Supreme Court's decision in *Alleyne*. After the Supreme Court's ruling in *Johnson*, Wilson asked for and received leave to amend his Petition to include a challenge under that case. As noted above, Wilson has subsequently dropped his original challenge under *Alleyne*, leaving only the *Johnson* challenge pending.

## DISCUSSION

Relief under 28 U.S.C. § 2255 is limited. Unlike a direct appeal in which a defendant may complain of nearly any error, § 2255 may be used only to correct errors that vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude. *Blake v. United States*, 723 F.3d 870, 878 (7th Cir. 2013).

"Pursuant to § 2255, the district court has discretion to deny an evidentiary hearing where the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *Cooper v. United States*, 378 F.3d 638, 641–42 (7th Cir. 2004) (citing *United States v. Kovic*, 830 F.2d 680 (7th Cir. 1987)). However, an evidentiary hearing is warranted if "the petitioner alleges facts that, if proven, would entitle him to relief." *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006) (quoting *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001)) (internal quotations omitted). Based on these standards, the Court finds that an

evidentiary hearing is not warranted in this case as the existing record conclusively demonstrates that Wilson is not entitled to the relief he requests. *See* Rule 8(a) of Rules Governing Section 2255 Proceedings; *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

Wilson argues that the Supreme Court's decision in *Johnson* applies to his case. In *Johnson*, the Court held that the residual clause of the Armed Career Criminal Act's ("ACCA" 18 U.S.C. § 924(e)(2)(B)) definition of "violent felony" was unconstitutionally vague and violates the Constitution's guarantee of due process. 135 S.Ct. at 2563. Under the ACCA as drafted at the time, if the offender had three or more prior convictions for a "serious drug offense" or a "violent felony" the ACCA increased his prison term to a minimum of 15 years and a maximum of life (*Id.* at 2555). The ACCA defined "violent felony" as any crime punishable by imprisonment for a term exceeding one year…that (1) has an element the use, attempted use, or threatened use of physical force against the person of another; or (2) is burglary, arson, or extortion, involves use of explosives, or otherwise *involves conduct that presents a serious potential risk of physical injury to another* (residual clause) (emphasis added) (*Id.* at 2556). It was this residual clause that the Supreme Court found unconstitutionally vague.

Wilson was not sentenced under the ACCA, however. He pled guilty to violations of 18 U.S.C. §§ 1951(a) and 934(c)(1)(A) and was found to be a Career Offender because his prior convictions were violent predicate offenses as defined in USSG § 4B1.2(a). Under that definition, a violent predicate offense includes any offense under federal or state law, punishable by imprisonment for a term exceeding one year that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. Thus, the Career Offender Guideline contains

language identical to the ACCA residual clause that the Supreme Court found unconstitutional. However, the Supreme Court subsequently declared that despite this similarity, the Career Offender Guideline is not subject to challenge under the void-for-vagueness doctrine, and that therefore, the reasoning in *Johnson* does not apply in these situations. *Beckles v. United States*, 137 S. Ct. 886, 897 (2017). Therefore, Wilson received a sentence in accordance with the law and consistent with the 18 U.S.C. §3553(a) factors.

Accordingly, Assistant Federal Public Defender Todd M. Schultz's Motion to Lift Stay and Withdraw (Doc. 14) is **GRANTED**; Petitioner's Amended Motion for Relief pursuant to 28 U.S.C. §2255 (Doc. 7) is **DENIED**; and this action is **DISMISSED with prejudice**. All pending motions are **DENIED** as moot. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 Cases instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. §2253(c)(2), a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." To meet this standard, the petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming*, 676 F.3d 621, 625 (7th Cir. 2012), *Tennard v. Dretke*, 542 U.S. 274, 281 (2004), *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons set forth above, the Court has determined that Wilson has not stated any

grounds for relief under § 2255, and that reasonable jurists would not find that conclusion debatable or wrong. Thus, Wilson has not made a "substantial showing of the denial of a constitutional right," and a certificate of appealability will not be issued.

**IT IS SO ORDERED.**

**DATED: November 28, 2018**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**